# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Syrena Gathright

## DEFENDANTS
TN Ward Company, David Panichi, David Tarditi, Gary Pergolini, Mark Smith, Thomas Falvey

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Noah S. Shapiro, Esq., David F. McComb, Esq., Zarwin, Baum
1818 Market St., 13th Fl., Phila., PA 19103 (215) 569-2800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee / ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC §§ 2601 et. seq.
Brief description of cause: Interference and Retaliation under FMLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/29/2014
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Syrena Gathright, 1121 Shackamaxon St., Philadelphia, PA 19125

Address of Defendant: See Attached List

Place of Accident, Incident or Transaction: Ardmore, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (FMLA)
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Noah Shapiro, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7-28-14    _____ Attorney-at-Law    206483 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7-28-14    _____ Attorney-at-Law    206483 Attorney I.D.#

CIV. 609 (6/08)

## Defendants' Address List

TN Ward Company
129 Coulter Ave.
Ardmore, PA 19003

David Panichi
150 Kingston Rd.
Media, PA 19063

David Tarditi
113 Stafford Dr.
Penllyn, PA 19422

Gary Pergolini
117 Ellis Rd.
Havertown, PA 19083

Mark Smith
3505 Saint Davids Rd.
Newtown Square, PA 19073

Thomas Falvey
41 Ridgeview Rd.
Newtown Square, PA 19073

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Syrena Gathright : CIVIL ACTION
:
v. :
TN Ward Company, David Panichi, :
David Tarditi, Gary Pergolini, Mark Smith : NO.
and Thomas Falvey

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                   (X)

| 07/29/2014 | Noah S. Shapiro, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-2800 | 215-569-1606 | nshapiro@zarwin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYRENA GATHRIGHT<br>1121 Shackamaxon St.<br>Philadelphia, PA 19125<br>       Plaintiff, | CIVIL ACTION |
| v. | |
| TN WARD COMPANY<br>129 Coulter Ave.<br>Ardmore, PA 19003 | No. |
| -and- | |
| DAVID PANICHI<br>150 Kingston Rd.<br>Media, PA 19063 | |
| -and- | |
| DAVID TARDITI<br>113 Stafford Dr.<br>Penllyn, PA 19422 | |
| -and- | |
| GARY PERGOLINI<br>117 Ellis Rd.<br>Havertown, PA 19083 | |
| -and- | |
| MARK SMITH<br>3505 Saint Davids Rd.<br>Newtown Square, PA 19073 | |
| -and- | |
| THOMAS FALVEY<br>41 Ridgeview Rd.<br>Newtown Square, PA 19073<br>       Defendants. | JURY TRIAL DEMANDED |

1

## COMPLAINT

Plaintiff, Syrena Gathright ("Gathright") brings this Complaint for damages against defendants TN Ward Company ("TN Ward'), David Panichi ("Panichi"), David Tarditi ("Tarditi"), Gary Pergolini ("Pergolini"), Mark Smith ("Smith") and Thomas Falvey ("Falvey").

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 2617(a), and pursuant to 42 U.S.C. § 2000e-5(f), this being an action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. This action arose in this District as it is where plaintiff resides and where she was employed by defendant TN Ward.

### II. PARTIES

2. Plaintiff Gathright, is a female individual who resides in Philadelphia, Pennsylvania at 1121 Shackamaxon Street, Philadelphia, PA 19125.

3. Defendant TN Ward Company (hereinafter, TN Ward) is a Pennsylvania corporation with a registered office address of 125 Coulter Ave, Ardmore, PA 19003, and principal place of business located at 129 Coulter Ave, Ardmore, PA 19003. At all times relevant hereto, Defendant TN Ward employed more than 50 people. TN Ward is engaged in the business of construction and construction management.

4. Defendant Panichi is an individual who was, at all times relevant hereto, the Chairman of the Board of Defendant TN Ward, with a home address of 150 Kingston Rd., Media, PA 19063 and a business address of 129 Coulter Ave, Ardmore, PA 19003.

5. Defendant Tarditi is an individual who was, at all times relevant hereto, the Vice

2

President of Finance of Defendant TN Ward with a home address of 113 Stafford Dr., Penllyn, PA 19422 and a business address of 129 Coulter Ave, Ardmore, PA 19003.

6. Defendant Pergolini is an individual who was, at all times relevant hereto, the Vice President of Operations of Defendant TN Ward with a home address of 117 Ellis Rd., Havertown, PA 19083and a business address of 129 Coulter Ave, Ardmore, PA 19003.

7. Defendant Smith is an individual who was, at all times relevant hereto, the Controller of Defendant TN Ward with a home address of 3505 Saint Davids Rd., Newtown Square, PA 19073 and a business address of 129 Coulter Ave, Ardmore, PA 19003.

8. Defendant Falvey is an individual who was, at all times relevant hereto, the President of Defendant TN Ward with a home address of 41 Ridgeview Rd., Newtown Square, PA 19073 and a business address of 129 Coulter Ave, Ardmore, PA 19003.

9. Each Defendant is an employer as defined by the FMLA, 42 U.S.C. § 2000e(b).

### III. FACTS

10. In April, 2008, Gathright became employed by TN Ward as a Project Manager.

11. Gathright's duties as a Project Manager included oversight of all aspects of construction throughout a project, budget management, processing change orders, developing and maintaining a construction schedule, coordinating meetings with various agencies and parties, execution of subcontract agreements, attendance at pre-bid meetings, the procurement of necessary permits and conducting regular site visits and inspections to ensure construction project progress.

12. During her employment with TN Ward, Gathright had at all times well and properly performed the duties and responsibilities of her position of Project Manager and received a pay raise and a favorable performance review.

11.     During her employment with TN Ward as a Project Manager Gathright had exercised her FMLA rights in connection with a knee surgery in 2012.

12.     Subsequently, beginning on September 19, 2013, while employed as a Project Manager at TN Ward, Gathright began FMLA leave in connection with a hip surgery.

13.     Specifically, on September 23, 2013, Gathright underwent a right anterior column non-union takedown, removal of hardware and heterotipic ossification excision at the Hospital of the University of Pennsylvania in connection with her hip dysplasia. She was hospitalized from September 23 until September 26, 2013, at which time she was discharged to home with instructions for follow-up care.

14.     While out on FMLA leave, Gathright was provided with discharge papers regarding her surgery as well as several doctor's notes confirming her need for surgery and after care as well as her inability to return to work.

15.     The first such doctor's note, dated October 22, 2013, stated that Gathright was under the care of Samir Mehta, MD, Chief, Trauma and Fracture Service at Hospital of the University of Pennsylvania after having surgery on September 23, 2013, and that she was unable to work and would be re-evaluated on November 12, 2013.

16.     The second such doctor's note, dated November 12, 2013, stated that Gathright was re-evaluated, that she was still unable to return to work at this time, and that she would be re-evaluated in six weeks.

17.     The third such doctor's note, dated December 3, 2013, stated that Gathright was able to return to work on December 11, 2013 but only in light duty capacity, that she was able to do desk work, was unable to lift or carry more than two pounds, and she was able to walk up and down steps as tolerated.

4

18. All of these notes were provided to TN Ward prior to Gathright's discharge from TN Ward.

19. Specifically, Gathright's discharge papers and doctor's notes of October 22, 2013 and November 12, 2013 were sent to Defendant Smith by text messages on: October 17, 2013; December 1, 2013; and December 3, 2013.

20. Gathright's doctor's note of December 3, 2012 was sent to TN Ward by her doctor's office by facsimile on December 3, 2013.

21. While out on FMLA leave Plaintiff learned that she would require further surgery in the form of a full hip replacement toward the end of January of 2014 and would again be required to take FMLA leave.

22. Gathright advised Defendant Smith of her need for further surgery to occur in January of 2014 by email on December 3, 2013.

23. TN Ward's FMLA leave operated on a calendar year basis thereby entitling Gathright to exercise her FMLA rights in connection with her January 2014 hip replacement.

24. On or about December 4, 2013, Defendant Smith stated to plaintiff over the phone that he had heard that she had been "out dancing" while on FMLA leave. Gathright immediately denied these allegations.

25. On or about December 5, 2013 Defendant Smith confirmed in an email to Gathright that TN Ward claimed to have received information indicating that she had "participated in activities that appear to be inconsistent with the leave and the reasons for the leave." Gathright responded and advised Defendant Smith that she had not engaged in any activities inconsistent with the restrictions placed on her by her surgeon.

26. Gathright remained on FMLA leave until December 11, 2013.

27. Upon her return to work on December 11, 2013 Gathright was called into a meeting with Defendants Smith and Tarditi and advised that she was being terminated from her employment as a Project Manager at TN Ward.

28. The reason given to Gathright for her termination from employment with TN Ward was that it was believed that she could have returned to work from her FMLA leave earlier than she did and TN Ward claimed to have received information that Gathright had engaged in activities during her FMLA leave that were inconsistent with her need for and the purpose of her leave.

29. Gathright was sent home after the meeting and told not to bother coming in for the remainder of the week.

30. Later that same day Gathright received an email from Defendant Tarditi requesting that she sign a separation agreement stating her termination was effective as of December 16, 2013 and requesting a waiver of any and all potential employment actions by her against TN Ward.

31. Thereafter, on December 20, 2013 Defendant Tarditi sent email correspondence to Gathright stating: "We no longer have a position for you at TN Ward based upon the events that occurred while you were on FMLA leave which we believe show that you could have returned to work at an earlier date."

32. Gathright believes and therefore avers that Defendants Smith, Tarditi, Pergolini, Panichi and Falvey made the decision to terminate her employment.

33. By terminating Gathright's employment, Defendants Smith, Tarditi, Pergolini, Panichi and Falvey were acting directly in the interests of Defendant TN Ward.

34. Defendant TN Ward terminated Gathright's employment.

35. Gathright had at all times well and properly performed the duties and responsibilities of her position of Project Manager and there was no legitimate basis for defendants to have terminated her employment.

36. Rather, the Defendants terminated Gathright in bad faith, without an objectively reasonable grounds for doing so, and in retaliation for her having properly exercised her FMLA rights and in an attempt to interfere with her ability to again exercise said rights in the coming calendar year.

37. In order to avoid potential liability for violating Gathright's FMLA rights defendants manufactured a false pretense under which to fire Gathright, specifically defendants fired Gathright on the basis of nothing more than a Facebook posting.

38. The Facebook posting in question is a photograph showing Gathright in a bar. The commentary on the photo states "About to get our dance on!!" Gathright did not dance that evening, or at any time during her FMLA leave as she was physically incapable of doing so due to her undisputable physical limitations. Rather, Gathright watched her friends dance and otherwise socialized with them at the bar.

39. TN Ward undertook no good faith investigation into this matter and lacked objectively reasonable grounds for Gathright's termination or for believing the termination was not a violation of Gathright's FMLA rights.

40. Rather, as demonstrated in emails between Gathright and Defendant Smith from November 22 through December 6, 2013 beginning on November 25, 2013 Defendant TN Ward suspended Gathright's short term disability payments without notice to her and for the first time requested that she provide additional medical documentation of her current medical status.

7

41. In the midst of these email exchanges on December 4, 2013 Defendant Smith spoke to Gathright over the phone and questioned Gathright regarding her disability status despite having been provided with all requested medical documentation clearly demonstrating Gathright's current medical condition including her physical limitations and ability to return to work. During this phone conversation and in a follow up email of December 5, 2013 Gathright advised Defendant Smith that she had not engaged in any activity inconsistent with her disability claim or contrary to her surgeon's instructions.

42. In an email of December 5, 2013 Defendant Smith responded by stating that he was obligated to investigate when information is received indicating an employee may be engaging in activities inconsistent with their medical leave, and further stated that following his questioning of Gathright and his receipt of medical documentation confirming Gathright's medical status and inability to return to work, Gathright would be sent her disability check.

43. In a December 6, 2013 email Defendant Smith again confirmed that after having received medical documentation confirming Gathright's medical status and inability to return to work it was determined that Gathright's disability claim was valid and that her disability payments had been reinstated.

44. Nonetheless, on December 11, 2013, without any further investigation and in the absence of any further information upon which to draw a conclusion contrary to Defendant Smith's determination of just days earlier, defendants fired Gathright for allegedly having engaged in activities inconsistent with her need for FMLA leave during her FMLA leave.

45. Defendants' actions were undertaken in bad faith and for an improper purpose, namely to violate Gathright's rights under the FMLA. Defendants' actions where undertaken in the absence good faith and objectively reasonable grounds for believing their actions did not

violate Gathright's FMLA rights. Defendants further failed to make a good faith effort to investigate the factual circumstances surrounding Gathright's termination to determine the existence of objectively reasonable grounds for the termination.

## COUNT I

### FMLA – INTERFERENCE

46. The allegations contained in Paragraphs 1 through 45 of this Complaint are incorporated herein and re-alleged as if fully set out.

47. At all times relevant hereto, Gathright was an "eligible employee" within the meaning of the FMLA.

48. At all times relevant hereto, each defendant was an "employer" within the meaning of the FMLA.

49. Gathright was entitled to leave under the FMLA for her hip surgeries and recovery therefrom.

50. By terminating the employment of plaintiff as aforesaid, defendants unlawfully interfered with, restrained and denied her the exercise and attempt to exercise her rights under the FMLA.

51. The actions of defendants were not taken in good faith.

WHEREFORE, plaintiff prays for judgment against all defendants in the amount of her lost wages and benefits, for an equal amount as liquidated damages, for an appropriate amount as front pay, for interest on the amounts awarded, and for all other relief that is just, including an award of her counsel fees and costs.

## COUNT II
## FMLA – RETALIATION

52.     The allegations contained in Paragraphs 1 through 51 of this Complaint are incorporated herein and re-alleged as if fully set out.

53.     At all times relevant hereto, Gathright was an "eligible employee" within the meaning of the FMLA.

54.     At all times relevant hereto, each defendant was an "employer" within the meaning of the FMLA.

55.     Gathright was entitled to leave under the FMLA for her hip surgeries and recovery therefrom.

56.     By terminating the employment of plaintiff as aforesaid, defendants unlawfully retaliated against plaintiff for her exercise and attempt to exercise her rights under the FMLA.

57.     The actions of Defendants were not taken in good faith.

WHEREFORE, plaintiff prays for judgment against all defendants in the amount of her lost wages and benefits, for an equal amount as liquidated damages, for an appropriate amount as front pay, for interest on the amounts awarded, and for all other relief that is just, including an award of her counsel fees and costs.

Respectfully submitted,

NOAH S. SHAPIRO
PA. I.D. No. 206483
nshapiro@zarwin.com
DAVID F. McCOMB
PA. ID. No 35754
dfmccomb@zarwin.com
ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Tel. 215-569-2800; Fax. 215-569-1606

Attorneys for Plaintiff

DATED:   July 25, 2014